DECISION.
Appellant Anthony Walker was convicted of murder and felonious assault as a result of a scuffle with a bar owner's son and the shooting death of the bar owner. This appeal is the second brought by Walker in reliance on a Batson v. Kentucky claim of discrimination in jury selection.[1]
In the first appeal, this court determined that Walker had made a primafacie case of purposeful discrimination, and that the state had failed to come forward with a race-neutral explanation for a peremptory challenge.[2] This court reversed the trial court's judgment and remanded the case for a new trial or for further proceedings consistent with our opinion. In the earlier appeal, Walker also had raised as assignments of error the weight and sufficiency of the evidence supporting his conviction and prosecutorial misconduct. We overruled his sufficiency-of-the-evidence challenge and concluded that his assignments concerning the weight of the evidence and prosecutorial misconduct during closing argument were rendered moot by our reversal on his Batson
challenge.
The instant appeal arises because the trial court, instead of affording Walker a new trial, granted the state's motion for a hearing in which the state could proffer its race-neutral reasons for having peremptorily challenged an African-American prospective juror. We conclude that the trial court erred in choosing this course of action, and that Walker is entitled to a new trial.
In its motion, the state contended that this court had reversed because the "State did not offer its reason for excluding an African-American juror from the prospective panel." It asked that the court conduct a hearing for the purpose of hearing an explanation for the challenge to the African-American juror. Walker adamantly opposed the motion.
The trial court conducted a second Batson hearing in 2001 and allowed the state to explain that it had challenged the African-American prospective juror during the 1998 voir dire because it was concerned that the "jurors might give too much weight to the amount of time with formulating the intent to kill," and that jurors might expect the state to "be more precise in the fulfilling of [its] burden of proof than the law required." Therefore, it had decided that because the excluded African-American prospective juror worked for the Internal Revenue Service and was charged with making corrections, he would put a "bigger burden" on the state than that required by law.
The court accepted the state's reason and asked it to prepare an entry. The entry stated, in part, that "[t]he Court of Appeals reversed the defendant's conviction because it believed that the State, duringvoir dire, failed to submit a valid race-neutral reason for dismissing a prospective black juror from the jury panel after a Batson challenge was made by the defendant." The entry also stated that "the State argued that the Court of Appeals had misconstrued the colloquy between the State and the Court on this issue, and that it had in fact not attempted to offer its reason for dismissing the juror at trial because it did not believe that the defendant had established a prima facie showing of discriminatory intent. The State further argued that the Court had not required it to provide its reasons and therefore it sought to have the Court conduct a hearing and provide the reason for excluding the juror." The entry concluded by stating that the trial court held the hearing because it "found that during the trial the Court had not required the State to offer a race-neutral reason for dismissing the juror and that the State's position with respect to conducting the hearing was well taken."
We are troubled by this entry because, in effect, the trial court determined that we committed error. The effect of its entry was to overrule our prior determination that Walker had presented a prima facie
case of discrimination and that the state had failed to provide a race-neutral reason for its peremptory challenge. The correct procedure to challenge this court's alleged error would have been to apply for reconsideration under App.R. 26 or to appeal to the Ohio Supreme Court. The state filed an appeal, but that appeal was dismissed.[3]
In the first appeal, the state argued that Walker had failed to establish a prima facie case. We concluded that its argument failed. After our decision, the state argued to the trial court that it had to be afforded an opportunity to present its race-neutral reasons for peremptorily challenging the African-American prospective juror because it had believed that Walker had failed to make a prima facie case and, thus, had been precluded from giving its race-neutral reasons. That argument flew in the face of our previous determination that the explanation provided by the State "that Walker had not established a pattern of discriminatory exclusion based on race, and that three African-Americans remained" was "not a facially valid race-neutral justification for a peremptory strike."[4] It was improper both for the state to argue to the trial court that this court's previous determination was a misconstruction of the trial court's colloquy and for the trial court to re-examine our determination.
Contrary to the entry that the state provided the trial court, we concluded in Walker's first appeal that the state had been provided the opportunity by the trial court to give a facially valid, race-neutral justification for removing the challenged juror. Unfortunately, it "misconstrued" the law and provided a justification that "had been explicitly rejected by the United States and the Ohio Supreme Courts."[5]
We understand why the state would have argued that it had not been provided an opportunity to give its race-neutral reasons for its peremptory challenge. In State v. Dockery,[6] we recognized the appropriateness of a second Batson hearing, as opposed to a new trial for the defendant, when the trial court failed to seek a race-neutral reason and summarily dismissed a defendant's objection. In that situation, we determined that the state had to be given the opportunity to provide a reason even if one was apparent on the record.[7]
 State v. Dockery clearly precludes a trial court from prohibiting the state from giving its actual reasons for striking a juror and then relying on apparent reasons that the state could have articulated. If the state is precluded from giving its actual reasons for peremptorily striking a juror, a hearing in which it is afforded the opportunity to do so is the proper remedy. If, however, the state has been afforded the opportunity to offer a racially neutral explanation for its challenge of a prospective juror and has failed to adequately do so, the defendant is entitled to a new trial.[8]
In this case, the state articulated its reasons, but the reasons had been specifically rejected as legally inadequate. The state sought to rectify its mistake by seeking another bite at the apple two years later. This it could not do. Walker is entitled to a new trial.
We also understand how the trial court may have concluded that our previous language, where we remanded for a new trial "or other proceedings consistent with this opinion" might have allowed its course here. But the "other proceedings" language contemplated that Walker could have changed his plea, or that the state might have reduced the charges. Both would have been "consistent" with our remand. To avoid confusion we have deleted those words in this decision.
The procedural morass resulting from the trial court's ruling also troubles us. In our initial decision, we determined that two of Walker's assignments had been rendered moot because of our disposition of hisBatson assignment. "Moot" means that the assignments were "of no practical significance."[9] It is only if Walker were entitled to a new trial that his allegation of prosecutorial misconduct during closing argument and his weight-of-the-evidence challenge would have been of no practical significance. A new trial would mean that a different jury would weigh the evidence anew and that the prosecutor would not necessarily make the same closing argument. In State v. Dockery, we set out the proper procedure to be followed when a Batson hearing is determined to be necessary on appeal. In Dockery, we initially did not consider the other assignments. We recognized that the record on appeal required supplementation and remanded the case for the limited purpose of conducting the Batson hearing. We then directed the trial court, by means of a supplemental record, to transmit and certify to this court its findings and the record of the hearing within a designated time so that a date for reargument could be set. This process protected the court's jurisdiction over the remaining assignments.
Because Walker is entitled to a new trial, his assignments concerning weight and prosecutorial misconduct are still moot, and we do not address his assignment concerning the sufficiency of the evidence because we determined that issue in his first appeal.
The judgment of the trial court is reversed, and this case is remanded for a new trial.
Judgment reversed and cause remanded.
Hildebrandt and Sundermann, JJ., concur.
[1] See Batson v. Kentucky (1986), 476 U.S. 79, 106 S.Ct. 1712.
[2] See State v. Walker (2000), 139 Ohio App.3d 52,742 N.E.2d 1173.
[3] See State v. Walker (2000), 90 Ohio St.3d 1490,739 N.E.2d 815.
[4] See State v. Walker at 56, 742 N.E.2d at 1176.
[5] See id. at 57, 742 N.E.2d at 1176.
[6] See State v. Dockery (Jan. 18, 2002), Hamilton App. No. C-000316, unreported.
[7] See State v. Dockery, supra.
[8] See State v. Brock (1996), 110 Ohio App.3d 656, 675 N.E.2d 18, and cases cited therein.
[9] Black's Law Dictionary (7 Ed.Rev. 1999) 1024.